UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARNET WILLIS,<br><br>　　　　Defendant. | NO. CR-05-6033-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE** |

　　　　Before the Court are Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Ct. Rec. 60) and Motion to Expedite (Ct. Rec. 61), heard without oral argument. The Government has responded to the Motion (Ct. Rec. 62). Defendant requested an extension of time to file a reply, but has failed to do so.

　　　　Defendant's Motion asks the Court to modify his sentence based on Amendment 706 to the Sentencing Guidelines, which would result in lowering the base offense level by two points based on the amount of crack cocaine Defendant admitted distributing. Defendant argues that case law announced since he was sentenced would permit the Court to take into account the disparity between crack and powder cocaine. Based on these factors as well as his post-sentencing conduct, Defendant argues that a sentence of 60 months is appropriate.

　　　　The Government raises two arguments in objection. First, the Government argues that Defendant is properly subject to the career offender provisions of the Guidelines, so if Defendant were to be re-sentenced, his offense level would

**ORDER DENYING DEFENDANT'S MOTION
TO MODIFY SENTENCE** * 1

ultimately be higher than it was originally. Second, the Government argues that Defendant entered a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), in which both parties stipulated to a sentence of 98 months, without regard to the Guidelines.

The Court agrees with the Government on both counts. The Ninth Circuit recently addressed this precise situation in *United States v. Bride*, 581 F.3d 888, 891 (9th Cir. 2009), holding that a Defendant who entered a plea agreement recommending a sentence under Rule 11(c)(1)(C) without reference to the applicable Guidelines sentencing range was statutorily ineligible for relief under Amendment 706. The facts here are indistinguishable from those in *Bride*. Moreover, the Government appears to be correct that Defendant would be a career offender under U.S.S.G. § 4B1.1, because the crime of conviction was a controlled substance offense and Defendant has two predicate felony convictions (distribution of cocaine base and assaulting a police officer). Finally, to the extent the Court could consider re-sentencing, it would not lower the sentence imposed because of the factors outlined in the Government's response.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Ct. Rec. 60) and Motion to Expedite (Ct. Rec. 61) are **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to Defendant and counsel for the Government.

**DATED** the 29th day of December, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2005\Willis\denymodify.ord.wpd

**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE \* 2**